UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
NOLY DE KAFATI, usufructuary of assets                       :
and rights of OSCAR KAFATI; and                              :
EDUARDO KAFFATI GEADAH, DINA                                 :
SUZETTE KAFATY GEADAH, NADIA                                 :    22-CV-9906 (VSB)
KAFATY GEADAH, heirs of OSCAR                                :
KAFATI KAFATI,                                               :    **ORDER**
                                                             :
                              Petitioners,                   :
                                                             :
                 -against-                                   :
                                                             :
JESÚS KAFATI KAFATI; GABRIEL                                 :
KAFATI SA; INVERSIONES PARAÍSO, SA                           :
de CV; ALIMENTOS SA de CV; and CAFÉ                          :
MI DELICIA SA de CV,                                         :
                                                             :
                              Respondents.                   :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

   This action concerns a request for an anti-suit injunction brought by Petitioners in support of an ongoing arbitration proceedings with Respondents.  On November 30, 2022, I directed Petitioners to file proposed redactions for their Petition for an Anti-Suit Injunction (the "Petition"), Memorandum of Law in Support of the Petition (the "Memorandum of Law"), and supporting exhibits to the Petition (the "Exhibits").  (Doc. 18.)  These materials had been filed under seal pursuant to an order entered in *De Kafati, et al. v. Kafati Kafati, et al.*, No. 22-mc-318 (VEC) (S.D.N.Y. Nov. 14, 2022).  Petitioners' filed their proposed redactions on December 6, 2022.  (Doc. 29.)  They propose redacting details about underlying settlement agreements (the "Settlement Agreements") between the Parties, the dispute leading to the formation of the Settlement Agreements, corporate information of privately held companies impacted by the

Settlement Agreements, and personal information like individual email addresses and tax information.

There is a presumption of public access to anything that qualifies as a "judicial document," *i.e.*, a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.' " *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  Documents and materials provided to aid in the adjudication of a motion for a temporary restraining order or preliminary injunction are judicial documents entitled to the highest presumption of access.  *See, e.g.*, *Doe v. Rensselaer Polytechnic Inst.*, No. 120CV01359BKSCFH, 2020 WL 6586290, at *2 (N.D.N.Y. Nov. 10, 2020) (collecting cases).

"[A]fter determining the weight of the presumption of access, the court must 'balance competing considerations against it.'"  *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Even where sealing is appropriate, it must be "narrowly tailored," meaning that "it seeks to seal only that information that needs to be sealed in order to preserve higher values."  *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21CV9472JGKKHP, 2022 WL 3704002, at *1 (S.D.N.Y. Aug. 26, 2022).  When "some sealing of a judicial document is appropriate, the Second Circuit has directed that the Court should determine whether partial redaction of the private material is 'a viable remedy,' or whether the document presents 'an all or nothing matter.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, No. 14-CV-6867 (VEC), 2016 WL 1071107, at *4 (S.D.N.Y. Mar. 18, 2016) (quoting *Amodeo*, 71 F.3d at 1053).  Courts must also make specific on the record findings to support sealing.  *Lugosch*, 435 F.3d at 120.

The presumption of public access to judicial documents is not overcome simply because the documents are covered by a confidentiality agreement. For example, courts have consistently "rejected the proposition that, simply because information was exchanged in an arbitration subject to a confidentiality clause, that clause is sufficient to defeat the public's right to know when the same information is submitted in support of a request for dispositive judicial action." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420, at *13 (S.D.N.Y. Jan. 4, 2022) (collecting cases). Indeed, "courts eschew[] such a broad approach for a more narrowly tailored review of the specific information at issue." *Id.*

When conducting this review and applying this balancing test to actions to enforce settlement agreements, courts have required the relevant settlements agreement be made public but permitted redaction of the sum of the settlement. *See, e.g.*, *Acun v. Merrill Lynch, Pierce, Fenner, & Smith*, No. 18CV07217GBDSN, 2020 WL 3002225, at *6 (S.D.N.Y. Jan. 15, 2020), report and recommendation adopted, No. 18CIV7217GBDSN, 2020 WL 995887 (S.D.N.Y. Mar. 2, 2020) ("I conclude that [settlement materials] should be unsealed, with the exception that the dollar amount of the settlement shall remain under seal and redacted in public filings."). Courts have also permitted the redaction of irrelevant details in a settlement agreement that seriously impinge on the privacy interests of third parties. *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 740 (S.D.N.Y. 2018) ("permit[ing only] the sealing of [certain] portions of the Settlement Agreement because these portions involve nonparties with a strong privacy interest and have no bearing on the adjudication of the instant motions").

Limited sealing is also appropriate for confidential business information related to a privately held company. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) ("A legitimate privacy interest certainly exists in

3

the financial documents of a privately held company."); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving the redaction of a privately held company's confidential business information).

Finally, the sealing of personal information "such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public" is appropriate so long as that information has no bearing on the issues before the court. *Anderson v. New York City Health & Hosps. Corp.*, No. 16CV1051GBDKHP, 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020).

Petitioners propose redactions to the Petition, Memorandum of Law, and the Exhibits. The Exhibits are primarily a request for arbitration and the Settlement Agreements. All of these are materials filed in support of a motion for a preliminary injunction. They are therefore entitled to the highest presumption of public access. *Rensselaer Polytechnic Inst.*, 2020 WL 6586290, at *2. While there is a confidentiality clause covering these agreements, (Doc. 16, at 2), this alone does not overcome the strong presumption of public access.

Having determined the presumption of access, I turn to Petitioners' proposed redactions, beginning with the Petition. Petitioners propose to redact paragraphs 15 to 17 of the Petition. These paragraphs provide a broad overview of the dispute that led to the creation of the Settlement Agreements. This overview is generic and does not provide specific information that merits sealing. Accordingly, I do not find that Petitioner has demonstrated a countervailing interest that overcomes the strong presumption of public access. However, paragraph 17 of the Petition includes a monetary sum associated with the Settlement Agreements and the payment schedule for that sum. This may be redacted.

Turning to the Memorandum of Law, Petitioners propose to redact a single paragraph in Section II.A. This paragraph provides a broad overview of the dispute that led to the creation of

4

the Settlement Agreements, so it is inappropriate for redaction for substantially the same reasons as paragraphs 15 to 17 of the Petition.  But, line 8 of this paragraph includes a monetary sum associated with the settlement and the payment schedule for that sum.  This may be redacted.

Finally, the Exhibits may be redacted as provided for in Petitioners' document at Doc. 29-2.  The redactions Petitioners propose to the Exhibits concern personal information such as names, addresses, and tax records, information about privately held companies, settlement sums and payment schedules, and more in-depth information about the underlying dispute that led to the formation of the Settlement Agreements.  The personal information they seek to redact is irrelevant to this matter.  The corporate structure information is confidential business information about a privately held company that is similarly irrelevant.  Settlement sums are properly redacted in actions to enforce settlement agreements.  Finally, the information in Exhibits about the underlying disputes implicates the privacy interests of third parties.  All of these items are properly redacted as they implicate interests that overcome the otherwise strong presumption of public access to judicial documents.  I also find that the redactions proposed by the Petitioners in Doc. 29-2 are no broader than necessary to protect these interests.  Accordingly, it is

ORDERED that Petitioners shall file their Petition, Memorandum of Law, and Exhibits with the redactions set out in this Order by December 16, 2022.

IT IS FURTHER ORDERED THAT the hearing on Petitioners' Motion shall take place by telephone on January 6, 2023, at 12:00 p.m. The teleconference will be held using the dial-in 888-363-4749 and the access code 2682448.

SO ORDERED.

Dated:  December 9, 2022
        New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge